IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REBECCA SEELEY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-cv-01269-L** |
| | § | |
| **WALMART INC. and MYCON** | § | |
| **GENERAL CONTRACTORS, INC.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On April 18, 2024, Plaintiff Rebecca Seeley ("Plaintiff") filed this personal injury action

against Defendant Walmart Incorporated ("Walmart"). Doc. 1-1. On May 20, 2024, Walmart filed

its Answer (Doc. 1-4), and on May 23, 2024, it removed this civil action (Doc. 1) to federal court

invoking the court's diversity jurisdiction. On July 8, 2024, Plaintiff filed an Unopposed Motion

for Leave to file Amended Complaint ("Motion") (Doc. 5). In the Amended Complaint (Doc. 7)

Plaintiff seeks to add MYCON General Contractors, Incorporated ("MYCON") as a defendant in

this action. Since the Motion was unopposed, on July 9, 2024, the court granted it and directed the

clerk to file Plaintiff's Amended Complaint. Doc. 6. For the following reasons, the court **remands**

this action to the 134th Judicial District Court, Dallas County, Texas.

A federal court has subject matter jurisdiction over civil cases "arising under the

Constitution, laws, or treaties of the United States," and over civil cases in which the amount in

controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship

exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts may also exercise subject

matter jurisdiction over a civil action removed from a state court. Unless Congress provides

otherwise, a "civil action brought in a State court of which the district courts of the United States

**Memorandum Opinion and Order – Page 1**

have original jurisdiction, may be removed by the defendant or defendants, to the district court of

the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a).

Federal courts are courts of limited jurisdiction and must have statutory or constitutional

power to adjudicate a claim. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994) (citations

omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.

1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to

adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* A federal

court must presume that an action lies outside its limited jurisdiction, and the burden of establishing

that the court has subject matter jurisdiction to entertain an action rests with the party asserting

jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot

be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it

properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177,

182 n.5 (5th Cir. 2005). "[T]he basis upon which jurisdiction depends must be alleged

affirmatively and distinctly and cannot be established argumentatively or by mere inference."

*Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different

citizenship from each defendant. *Id.* at 1258. Otherwise stated, 28 U.S.C. § 1332 requires complete

diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares

the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857

(5th Cir. 2003) (citations omitted).

As previously stated, Walmart removed this action based on diversity jurisdiction. Plaintiff is a citizen of Texas. Doc. 1 at 2; Doc. 7 at 1. Walmart is incorporated in Delaware, and its principal place of business is in Arkansas. Doc. 1 at 2; Doc. 7 at 1; *see* 28 U.S.C. § 1332(c)(1) (A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]"); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (explaining meaning of "principal place of business"). Therefore, Walmart's citizenship for the purpose of diversity jurisdiction is Delaware and Arkansas. Plaintiff seeks monetary relief of "over $1,000,000." Therefore, Walmart asserted in its Notice of Removal that the parties are completely diverse and the amount in controversy exceeds $75,000, the jurisdictional minimum[1]. In the Amended Complaint, which is now the live pleading, Plaintiff asserts claims against MYCON.[2]

---

[1] For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (citation omitted). When, as here, the plaintiff does not allege a "specific amount of damages," but instead alleges a range of damages, the removing defendant has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (*De Aguilar I*)); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408-09 (5th Cir. 1995) (*De Aguilar II*) ("[S]trictly speaking, plaintiffs have not alleged a specific amount of damages, as the amount they claim can range from $1 to $50,000.") (citing and quoting *De Aguilar I*, 11 F.3d at 58). Here, the court does not believe that Walmart has met this burden. Because the parties lack complete diversity, however, the court declines to address this deficiency any further.

[2] Pursuant to *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), the Fifth Circuit held that the district court "when faced with an amended pleading naming a new nondiverse defendant in a removed case[,]" the court "should scrutinize that amendment more closely than an ordinary amendment." Specifically, the Fifth Circuit stated that "the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. The court, however, determines that it does not need to analyze these factors because Defendant Walmart Inc. ("Walmart") did not oppose Plaintiff's Motion for Leave to file the Amended Complaint. Therefore, Walmart has waived any objection to joining MYCON General Contractors, Incorporated ("MYCON") as a defendant in this action. Moreover, the Fifth Circuit's decision in *Hensgens* was issued before Congress enacted 28 U.S.C. § 1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Therefore, the viability of *Hensgens* is questionable. *See also Matak v. Genie Indus., Inc.*, No. 1:09-CV-426-TH, 2009 WL 10677578, at *1 (E.D. Tex. July 7, 2009) (questioning the viability of *Hensgens* in light of the enactment of 28 U.S.C. § 1447(e), which grants complete discretion to the district court).

**Memorandum Opinion and Order – Page 3**

MYCON is incorporated in Texas and has its principal place of business in Texas. Doc. 7 at 1. Therefore, MYCON's citizenship for the purpose of diversity jurisdiction is Texas.

The court has a duty to determine whether it properly has jurisdiction over this action, especially since the Amended Complaint added a new party. *Ruhgras AG*, 526 U.S. at 583; *McDonal*, 408 F.3d at 182 n.5. MYCON and Plaintiff are both citizens of Texas; therefore, the parties are no longer completely diverse. *Getty Oil Corp.*, 841 F.2d at 1258 (holding diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant). Therefore, the court lacks diversity jurisdiction over this action. Further, since Plaintiff only asserts state law claims against Walmart and MYCON, the court also lacks federal question jurisdiction. Accordingly, the court does not have subject-matter jurisdiction over this civil action, and *sua sponte* **remands** it to the 134th Judicial District Court, Dallas County, Texas. The clerk of court **shall** effect the remand in accordance with the usual procedure.

**It is so ordered** this 12th day of July, 2024.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge